UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONANGEL E. GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>MADERA POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:24-cv-01225-JLT-EPG<br><br>SCREENING ORDER DIRECTING PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT PLAINTIFF WANTS TO STAND ON THE COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

    Plaintiff Leonangel E. Guerra proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 3). Plaintiff alleges that Defendant Madera Police Department violated Plaintiff's Fourth Amendment rights during a traffic stop.

    Upon review, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff now has options as to how to move forward. Plaintiff may file an amended complaint, if Plaintiff believes that additional facts would a state cognizable claim. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course.

    Alternatively, Plaintiff may file a statement with the Court that Plaintiff wants to stand on this complaint and have it reviewed by the district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

1

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). The Court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff names Madera Police Department as the sole Defendant in this case.[1] As for the legal right at issue, Plaintiff lists the Fourth Amendment and indicates that an illegal "search and seizure" occurred.

Plaintiff states that the incident at issue happened on February 10, 2024, "on Highway 145 and Yosemite in Madera, California." For the underlying facts, Plaintiff states as follows:

> I was pulled over for expired tags in my vehicle by Madera Police Dept. I was asked to get out of my car without probable cause. I denie[d] any search or seizure of me or my vehicle. Police officers with K-9 arrived and under a threat of being pulled out of my car I got out. K-9 doors were left open on passenger side. K-9

---

[1] For readability, minor alterations, like changing punctuation and capitalization, have been made to Plaintiff's quotations without indicating each change.

went around my car several times did not alert officer. Then K-9 entered my vehicle through open door and nothing illegal was found.

As for relief, Plaintiff indicates that Plaintiff wants the return of Plaintiff's impounded vehicle and compensation for the violation of Plaintiff's Fourth Amendment rights.

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.    Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637

3

F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.     Improper Defendant and *Monell* Liability

As noted above, § 1983 applies to persons who deprive another of their legal rights under color of state law. 42 U.S.C. § 1983. The Supreme Court has concluded "that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690 (emphasis in original). "But 'persons' do not include municipal departments." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008). Thus, the sole Defendant in this case—the Merced Police Department—is not a proper defendant. *Id.* (dismissing Merced Police Department as improper defendant in § 1983 action).

There being no proper defendant in this case, this alone is reason to find no cognizable § 1983 claim in Plaintiff's complaint. However, the Court will grant Plaintiff leave to file an amended complaint to name an alternative defendant or defendants.

If Plaintiff desires to sue Merced Police Department officers involved in the traffic stop, but does not know their names, in an amended complaint Plaintiff may identify such officers Doe Officer 1 and Doe Officer 2 etc. with any information Plaintiff has about their identity.[2]

To the extent that Plaintiff desires to sue the City of Merced in any amended complaint, Plaintiff is provided the following legal standards. A county or other local governmental entity may be liable for a constitutional deprivation where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016). Under *Monell*, an entity defendant cannot be held liable for a constitutional violation solely because it employs a tortfeasor. 436 U.S. at 691. An entity

---

[2] If Plaintiff's amended complaint is allowed to proceed against any Doe Defendants, Plaintiff will be given a date to substitute the true individuals for the Doe Defendants.

4

defendant can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

> To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.

*Oviatt*, 954 F.2d at 1474 (internal citation and quotation marks omitted).

### C. Fourth Amendment

In addition to failing to name a proper defendant, Plaintiff's complaint is subject to dismissal because it does not allege facts that would establish a violation of the Fourth Amendment.

While Plaintiff states that Plaintiff was pulled over for expired tags, Plaintiff does not appear to challenge this initial stop, *e.g.*, Plaintiff does not claim that the vehicle's tags were not in fact expired. Rather, Plaintiff appears to challenge two events occurring after the stop: (1) that Plaintiff was asked to exit the vehicle "without probable cause" and (2) that a K-9 dog sniffed around the vehicle without alerting and then entered the vehicle through an open door.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. In the context of a driver being asked to exit a vehicle during a traffic stop, "[i]n *Pennsylvania v. Mimms*, 434 U.S. 106 [] (1977) (per curiam), the United States Supreme Court held that once a motor vehicle has been lawfully detained for a traffic violation, police officers may order the driver to get out of the vehicle without violating the Fourth Amendment." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1325 (9th Cir. 1995). Here, Plaintiff does not allege that the initial stop for expired tags was improper; accordingly, the simple fact that Plaintiff was asked to exit the vehicle cannot constitute a Fourth Amendment violation. *See Weathers v. McDonald*, No. 2:23-CV-0133 DB P, 2023 WL 3853906, at *3 (E.D.

Cal. June 6, 2023) (concluding that the plaintiff failed "to state a claim that his Fourth Amendment rights were violated when he was ordered to exit his vehicle").

In the context of police dog sniffs of vehicles, the Supreme Court has concluded that a "dog sniff . . . performed on the exterior of [a] car while [a driver] was lawfully seized for a traffic violation. . . . does not rise to the level of a constitutionally cognizable infringement." *Illinois v. Caballes*, 543 U.S. 405, 409 (2005). Accordingly, to the extent that Plaintiff complains about an exterior sniff of the vehicle while lawfully seized, Plaintiff has no viable Fourth Amendment claim.

However, the Court notes that the Supreme Court has also held as follows:

> In *Illinois v. Caballes,* 543 U.S. 405, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005), this Court held that a dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment's proscription of unreasonable seizures. This case presents the question whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop. We hold that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures. A seizure justified only by a police-observed traffic violation, therefore, "become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission" of issuing a ticket for the violation. *Id*., at 407, 125 S.Ct. 834.

*Rodriguez v. United States*, 575 U.S. 348, 350-51 (2015). Plaintiff does not provide sufficient allegations to indicate that the stop here was unlawfully prolonged.

Further, the Court notes that Plaintiff indicates that a K-9 dog entered the vehicle through an open door, presumably to sniff the interior of the vehicle for contraband. In some, but not all circumstances, a police dog's entering the interior of a vehicle to sniff it can be a constitutional violation. *See United States v. Moore*, No. 22-30009, 2023 WL 6937414, at *3 (9th Cir. Oct. 20, 2023) (concluding that dog's entry of vehicle through open door to sniff vehicle was not unconstitutional because "officers had probable cause to search the car's interior by the time the dog jumped inside"). Plaintiff has not provided sufficient facts against any proper defendant to indicate that his Fourth Amendment rights were violated by a K-9 dog sniffing the interior of his vehicle. If Plaintiff chooses to file an amended complaint, Plaintiff should elaborate on this incident, specifying what each particular defendant did, *e.g.*, describing whether any officer opened the door for the dog to enter, whether any officer otherwise directed the dog to sniff the interior of the vehicle, and what any officer said regarding the dog sniffing the vehicle, *etc.*

### IV.   CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law as discussed above. Plaintiff should note that, although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge recommending dismissal of the action consistent with this order.

Based on the foregoing, IT IS ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a *pro se* (non-prisoner) civil rights complaint form (*Pro Se* 15 Form).
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a.   File a First Amended Complaint; or
   b.   Notify the Court in writing that Plaintiff wants to stand on the complaint.

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:24-cv-01225-JLT-EPG.

4. **Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **October 18, 2024**                    /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE