1
2
3
4
5
6
7                                    UNITED STATES DISTRICT COURT
8                                    EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| LEONANGEL E. GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>MADERA POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:24-cv-01225-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Leonangel E. Guerra proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 3). Plaintiff alleges that Defendant Madera Police Department violated Plaintiff's Fourth Amendment rights during a traffic stop.

On October 21, 2024, the Court screened Plaintiff's initial complaint and concluded that Plaintiff failed to state any claim upon which relief may be granted. (ECF No. 4). The Court advised Plaintiff of the deficiencies in the complaint, provided pertinent legal standards, and gave Plaintiff thirty days to file an amended complaint or to notify the Court that Plaintiff wanted to stand on the complaint.

On November 15, 2024, Plaintiff filed a first amended complaint, which is now before the Court for screening. (ECF No. 5). For the reasons given below, the Court will recommend that

1

this case be dismissed with prejudice and without further leave to amend for failure to state a claim upon which relief may be granted.

## I.  SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the amended complaint under 28 U.S.C. § 1915. (ECF No. 3). The Court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT

Plaintiff names Madera Police Department as the sole Defendant in this case.[1] As for the legal right at issue, Plaintiff lists the Fourth Amendment.

For the underlying facts, Plaintiff states as follows:

> On Feb. 10, 2024, between the hours of 12-4 pm I was pulled over on the corner of Yosemite and Highway 145 for expired tags. Officers asked me to get [out of] the car. I did not want to get [out of] my car, but under the threat of duress, I got [out of] my car. I did not consent or give permission for a search & seizure of my

---

[1] For readability, minor alterations, like changing punctuation and capitalization and correcting misspellings, have been made to Plaintiff's quotations without indicating each change.

2

> personal property, and I am not on probation or parole. A K-9 was brought and went around my car several times. My passenger door and back side passenger door was open by police. The K-9 entered my car got out & went around my car 1 more time and alerted to nothing being found in or around my car. My vehicle was impounded. I purchased this vehicle two days prior to this complaint. I wasn't in violation of the 10 day[s] I had to report to DMV. All this was done without the police giving probable cause.

(ECF No. 5, pp. 5-6).

In the section of the amended complaint form regarding relief sought, Plaintiff does not list anything.

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.   Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established

when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Improper Defendant

As noted above, § 1983 applies to persons who deprive another of their legal rights under color of state law. 42 U.S.C. § 1983. The Supreme Court has concluded "that Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690 (emphasis in original). "But 'persons' do not include municipal departments." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008).

The Court noted this line of authority in the screening order and advised Plaintiff that "the sole Defendant in this case—the Merced Police Department—is not a proper defendant." (ECF No. 4, p. 4). However, the Court granted Plaintiff leave to amend, instructing Plaintiff to use Doe monikers, *e.g.*, Doe Officer 1, if Plaintiff wanted to include allegations against unknown individual officers in any amended complaint. Likewise, the Court provided Plaintiff with the legal standards regarding municipality liability if Plaintiff wished to include allegations against the City of Merced.

Despite providing such instruction, Plaintiff has once again named Madera Police Department as the sole Defendant. But because Madera Police Department is not a proper defendant in this case, and the amended complaint lacks any other proper defendant, Plaintiff has no cognizable § 1983 claim. *See Garcia*, 637 F. Supp. 2d at 760 (dismissing Merced Police Department as improper defendant in § 1983 action).

**C.     Fourth Amendment**

In addition to failing to name a proper defendant, Plaintiff's complaint is subject to dismissal because it does not allege sufficient facts to state a Fourth Amendment claim.

While Plaintiff does not specifically identify which actions police officers took to violate the Fourth Amendment, it appears that Plaintiff is challenging the following events: (1) the initial traffic stop for expired registration tags; and (2) police officers asking Plaintiff to step out of the vehicle.[2] The Court addresses each of these events below.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. In the context of traffic stops for expired registration tags, an officer needs to have only reasonable articulable suspicion that a vehicle is not properly registered:

> California Vehicle Code § 4000 states a person may not drive any motor vehicle unless it is registered and the appropriate fees have been paid. Cal. Veh. Code § 4000(a)(1). Stopping an automobile and detaining a driver to check his driver's license and vehicle registration are not unreasonable under the Fourth Amendment when there is "articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered." *Delaware v. Prouse*, 440 U.S. 648, 663 (1979); *see Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (investigatory stop was constitutional when automobile had "expired license tags in violation of Pennsylvania Motor Code"); *see also Pickett v. Nguyen*, No. 15-cv-04421-WHO, 2016 WL 7406438, at *3–4 (N.D. Cal. Dec. 22, 2016) ("an expired vehicle registration justifies a traffic stop under the Fourth Amendment" and, moreover, "an arrest for any criminal offense, however minor, is sufficient under the Fourth Amendment.").

*Grissom v. Modesto Police Department*, No. 1:21-CV-01273-JLT-SAB, 2022 WL 432861, at *6 (E.D. Cal. Feb. 11, 2022).

Plaintiff appears to allege that the traffic stop was illegal because Plaintiff still had time left within a 10-day window of purchasing the vehicle to get new tags.[3]  But even assuming that

---

[2] To the extent that Plaintiff is challenging the impoundment of the vehicle because Plaintiff was within the timeframe to get new registration tags, Plaintiff has not properly alleged any violation of procedural due process. State laws generally govern impoundment of vehicles for vehicle code violations and provide a process to challenge that impoundment. *See Easley v. Flores*, No. CV 15-4359-GW(E), 2017 WL 7938602, at *6 (C.D. Cal. May 3, 2017), *report and recommendation adopted*, 2018 WL 1135639 (C.D. Cal. Feb. 15, 2018), *aff'd*, 738 F. App'x 475 (9th Cir. 2018) (considering California law in connection with due process claim regarding impoundment of a vehicle). Plaintiff does not allege being denied due process or that Plaintiff was unable to pursue state procedures regarding the impoundment of the vehicle.

[3] Plaintiff may be basing this argument on California Vehicle Code § 5902, which provides as follows:

Plaintiff was legally permitted to operate the newly purchased vehicle for a limited period of time without obtaining a registration, Plaintiff does not allege that the vehicle's tags did not reasonably appear to be expired to the officers who conducted the traffic stop. Without any facts to suggest that police officers did not have a reasonable basis to believe that Plaintiff was driving with expired registration tags, Plaintiff fails to state a Fourth Amendment claim.

Next, the Court turns to Plaintiff's allegation that police officers improperly asked Plaintiff to exit the vehicle. In the context of a driver being asked to exit a vehicle during a traffic stop, "[i]n *Pennsylvania v. Mimms*, 434 U.S. 106 [] (1977) (per curiam), the United States Supreme Court held that once a motor vehicle has been lawfully detained for a traffic violation, police officers may order the driver to get out of the vehicle without violating the Fourth Amendment." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1325 (9th Cir. 1995). Here, as described above, there are not sufficient facts to conclude that the initial stop for expired registration tags was improper; accordingly, the simple fact that Plaintiff was asked to exit the vehicle cannot constitute a Fourth Amendment violation. *See Weathers v. McDonald*, No. 2:23-CV-0133 DB P, 2023 WL 3853906, at *3 (E.D. Cal. June 6, 2023) (concluding that the plaintiff failed "to state a claim that his Fourth Amendment rights were violated when he was ordered to exit his vehicle").

Accordingly, for the above reasons, the Court concludes that Plaintiff fails to state any Fourth Amendment claim upon which relief may be granted.[4]

### IV.   CONCLUSION AND RECOMMENDATIONS

Based on the forgoing, the Court will recommend that this case be dismissed with prejudice and without further leave to amend. Notably, in its initial screening order, the Court identified the same types of deficiencies that persist in Plaintiff's amended complaint and it gave

---

"Whenever any person has received as transferee a properly endorsed certificate of ownership, that person shall, within 10 days thereafter, forward the certificate with the proper transfer fee to the department and thereby make application for a transfer of registration."

[4] Plaintiff also alleges that a K-9 dog entered his vehicle, presumably to sniff the interior. It is not clear if Plaintiff intends this to be part of a constitutional claim. However, even setting aside that Plaintiff has not named a proper defendant related to such a search, this allegation alone does not constitute a constitutional violation. *See United States v. Moore*, No. 22-30009, 2023 WL 6937414, at *3 (9th Cir. Oct. 20, 2023) (concluding that dog's entry of vehicle through open door to sniff vehicle was not unconstitutional because "officers had probable cause to search the car's interior by the time the dog jumped inside").

Plaintiff the opportunity to state a cognizable claim. The Court thus concludes that further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 21, 2024**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE